UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6230-CR-DIMITROULEAS

UNITED STATES OF AMERICA,    :

    Plaintiff,    :

v.    :

ALDIN WILSON, et al.,    :

    Defendants.    :

FILED by ___ D.C.

AUG 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on August 21, 2000, a hearing was held to determine whether the defendant **David Nesbeth** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **David Nesbeth** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with conspiracy to import and to possess with intent to distribute more than 100 kilograms of marijuana, importation of marijuana and possession of marijuana



with intent to distribute, in violation of 21 U.S.C. §§ 963, 952(a), 846 and 841(a)(1). Therefore, the defendant is charged with offenses involving a Schedule I controlled substance. 18 U.S.C. § 3142(g)(1).

   2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that during the time period of May 31, 2000 through August 6, 2000, Aldin Wilson had numerous meetings and conversations with a confidential informant (CI) of the Drug Enforcement Administration regarding plans to import a load of marijuana from Jamaica. Wilson was in charge of arranging for the marijuana and the financing; the CI was in charge of transportation, including securing an airplane. On June 6, 2000, Wilson, David Nesbeth, Esrom Williams and Thaddeus Warren met with the CI at a warehouse in Fort Lauderdale where the marijuana was to be stored.

   On August 6, 2000, a second confidential informant flew to Jamaica, where he picked up the marijuana and transported it to Florida, via Guantanamo Bay, Cuba. After the arrival of the drugs, Wilson and the CI agreed that Wilson and his people would get 60% of the marijuana, and the CI would receive 40%. The CI declined to transport the marijuana to New York.

   On August 9, 2000, agents observed Wilson, Williams and David Nesbeth travel to a hotel, where they were joined by Marc Anthony Johnston. The men then went to a Texaco station, where Granston rented a U-Haul van. The group then went to the

warehouse, where Williams, Warren, Granston and Nesbeth began loading the marijuana into the van. All four were arrested during the loading process; Wilson and Johnson were apprehended at a nearby location.

After being advised of his <u>Miranda</u> rights, Johnson told agents that he and Nesbeth had come together from Jamaica. Nesbeth also gave a post-arrest statement in which he admitted involvement in the importation scheme. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a Jamaican citizen, and resides in that country with his wife and five children. The defendant's four siblings also live in Jamaica. Although the defendant has relatives and friends in the United States who are willing to post property to secure a bond, the defendant has no ties to this country sufficient to secure his appearance at trial. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to import and to possess with intent to distribute a substantial quantity of marijuana, and did import and possess with intent to distribute 1700 pounds of marijuana, offenses punishable by more than five years under the Controlled Substances Act, 21 U.S.C. § 801, <u>et seq</u>. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will

assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community, and there is a substantial likelihood that he will flee if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 22nd day of August, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
AUSA Bertha Mitrani (FTL)
Pretrial Services (FTL)
Nathan Diamond, Esq.